Filed 6/15/23  P. v. Mata CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>JOSHUA MATA, JR.,<br><br>  Defendant and Appellant. | F084846<br><br>(Super. Ct. No. F21902926)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Leanne Le Mon, Judge.

Julia Spikes, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Poochigian, Acting P. J., Snauffer, J., and De Santos, J.

## STATEMENT OF APPEALABILITY

Appellant, Joshua Mata, Jr., appeals from a final judgment of conviction following a guilty plea, appealable under Penal Code section 1237, subdivisions (a) and (b).[1]  Mata obtained a certificate of probable cause.

## STATEMENT OF THE CASE

On April 13, 2021, the Fresno County Criminal Grand Jury issued an eight count indictment, charging Mata with:

Count 1 – carjacking (§ 215, subd. (a)); for the benefit of a street gang (§ 186.22, subd. (b)(4)(B)); with personal use of a firearm (§ 12022.53, subd. (b));

Counts 2 and 3 – robbery (§ 211); violent felony, for the benefit of a street gang (§ 186.22, subd. (b)(1)(C)); with personal use of a firearm (§ 12022.53, subd. (b));

Count 4 – kidnaping (§ 207, subd. (a)); serious felony, for the benefit of a street gang (§ 186.22, subd. (b)(1)(C); with personal use of a firearm (§ 12022.53, subd. (b));

Count 5 – dissuading a witness (§ 136.1, subd. (c)(1); for the benefit of a street gang (§ 186.22, subd. (b)(4)(C); with personal use of a firearm (§ 12022.5, subd. (a));

Count 6 – felon in possession of a firearm (§ 29800, subd. (a)(1));

Count 7 – participation in a street gang (§ 186.22, subd. (a)); and

Count 8 – felon in possession of a firearm (§ 29800, subd. (a)(1)).

Trial counsel filed a motion to quash the indictment and dismiss the case under section 995 for having indicted Mata without probable cause.  The district attorney filed an opposition and, after hearing argument from both parties, the trial court denied the motion.[2]

---

[1] All statutory references are to the Penal Code unless otherwise stated.

[2] The section 995 motion was heard and decided by Judge F. Brian Alvarez on August 20, 2021.

On June 30, 2022, Mata waived his right to trial and pled no contest to carjacking (count 1), street terrorism (count 7), and admitted the use of a firearm. The parties stipulated to a factual basis for the plea. (*People v. West* (1970) 3 Cal.3d 595.) Per the plea agreement, the court sentenced Mata to three years (low term) for the carjacking, a concurrent two years (low term) for the street gang conviction and ten years for the personal use of a firearm during the carjacking. The remaining charges were dismissed on the district attorney's motion.

Before sentencing, Mata filed a statement in mitigation arguing for a reduced term based on his youth and childhood trauma. At the August 16, 2022, sentencing hearing, Mata requested that the court strike the 10-year firearm enhancement, and impose the midterm (5 years), or the aggravated term (9 years), and agreed to stipulate to the factors in aggravation. The district attorney opposed the request, the court heard argument, and denied the request due to Mata's criminal history, the fact that he was on probation when he committed the current offense, and the violence of the current charges.

The court imposed a $1,200 restitution fine (§ 1202.4), a $1,200 parole revocation fine (stayed) (§ 1202.45), and waived the $40 court security assessment (§ 1465.8) and $30 conviction fee (Govt. Code, § 70373), due to Mata's inability to pay. Victim restitution remained open. The court awarded 900 days pre-sentence custody credits (783 actual days + 117 conduct credits).

On August 23, 2022, Mata filed a timely notice of appeal and received a certificate of probable cause.

## STATEMENT OF FACTS[3]

Around 2:00 p.m. on June 15, 2020, Fresno police officers responded to an armed carjacking. When they arrived at the scene, they contacted the victim, Joseph G., who

---

[3] Because Mata pled, the facts are taken from the Fresno Police Department Crime Report number 20-33822, which are summarized in the probation report.

told them a rental car had been stolen from him. He said he had recently met a female, later identified as Marquessa P., on social media. Joseph and Marquessa had stayed at a hotel the previous night and checked out at 11:30 a.m. that morning. Marquessa asked Joseph to drive her to the Calwa Motel to pick up her belongings. On the way, she asked Joseph to pick up her friend, Nestor R. Joseph agreed, picked up Nestor, and drove to the Calwa Motel.

While they were parked in front of the motel, Nestor got out of the vehicle and started talking to another male, later identified as Mata. Mata approached Joseph's car and asked for a ride. Joseph felt uncomfortable but agreed. They all got into Joseph's vehicle; Marquessa was the passenger, and Nestor and Mata were in the back seat. Mata gave Joseph directions, but Mata then became upset and put a firearm against Joseph's head. Joseph could see the gun in his rearview mirror. Mata told Joseph to, "Get the fuck out of the vehicle." Joseph also saw that Nestor was holding a firearm. Joseph complied and grabbed his cell phone. Mata then demanded the cell phone and stated, "This is Calwa Bulldogs," as he continued to point the firearm at Joseph. Joseph gave Mata the cell phone and got out of the car. Mata got into driver's seat and drove away.

As Joseph began to search for help, Mata returned with Nestor. Nestor pointed a firearm at Joseph and demanded that he get back into the car. Nestor pressed the firearm into Joseph's chest until he sat down in the backseat. Joseph emptied his pockets and Nestor took his wallet, which contained approximately $800 in cash, his gold chain necklace, and his black Smith and Wesson brand knife. Joseph was then told, "If you call the cops, we'll shoot you, we know where you live." Joseph got out of the car and Mata drove away. Joseph informed the officers that Marquessa just sat in the passenger seat during the offense.

Less than an hour later, Joseph's stolen car was located by assisting officers and the Fresno Police Department's Skywatch unit. The aircrew followed the car until it stopped in an alley and saw two males get out of the car and run towards the Calwa

4.

Motel. Officers conducted a surround and call out at the motel. Joseph positively identified Marquessa and Nestor as the individuals involved in the robbery. Mata was not located at that time. Marquessa and Nestor denied having anything to do with the robbery, but both were arrested.

Mata was located and arrested on June 25, 2020, and subsequently identified by Joseph to the investigating officers.

## APPELLATE COURT REVIEW

Mata's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The opening brief also includes the declaration of appellate counsel indicating Mata was advised he could file his own brief with this court. By letter on April 14, 2023, we invited Mata to submit additional briefing. To date, he has not done so.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to Mata.

## DISPOSITION

The judgment is affirmed.